JULY TERM, 1882, No. 194.              JANUARY 5, 1883.

## Hope Thread Co. *v.* Johnson *et al.*

1. The declarations of one who acts in the capacity of both pur-
chasing and delivering agent, while so acting, as to a matter important
to the issue, are properly admissible to affect his principal, the shipper
of the goods.

2. In an action by the purchaser of goods against the vendor for al-
leged failure to deliver the whole amount agreed upon, the plaintiff
gave evidence of a purchase of 21,250 pounds through an agent.   The
defendant then called the agent, who testified that he was only author-
ized to sell 15,750 pounds, and that part of the order went to third par-
ties.   In rebuttal, the plaintiff was permitted to testify that he copied
the entries in the order-book of the agent, and that they amounted to
20,750 pounds.   *Held*, that since this evidence tended to affect the
credibility or accuracy of the testimony of the agent, it was properly
admitted.

Before MERCUR, C. J., GORDON, PAXSON, TRUNKEY,
STERRETT, and CLARK, JJ.

Error to the Court of Common Pleas, No. 2, of *Phila-
delphia County*.

Foreign attachment case by Charles B. Gunn and
Charles M. Johnson, trading as Gunn, Johnson & Com-
pany, against the Hope Thread Company, defendants, to
recover damages for an alleged breach of contract in fail-
ing to deliver to complainants 21,250 pounds of yarn.

On the trial before FELL, J., the plaintiff, Johnson,
testified, *inter alia*, that in the latter part of October,
1879, he had called upon Mr. Henry, a yarn broker,
"who professed to act for the Hope Thread Company,"
and ordered 21,250 pounds of yarn at the then market
price from 21 to 22½ cents per pound.   "The order was
accepted by Mr. Henry the day I was there.   When I
called on him, I asked him what yarns he had for sale.
He said he had some for the Hope Thread Company.   He
told me so at this time.   He told me he could place an
order with them.   He said he would accept an order for
the Hope Thread Company.   He said he was authorized
to sell the Hope Thread Company's yarn."

About 3,000 pounds of yarn were received under the
contract.   Robert Henry, for the plaintiff, testified:   "I
was authorized to make the contract. which I made with
Gunn, Johnson & Co."

The defendants gave evidence to show that they had no authorized general agent in Philadelphia, and then produced Robert Henry, who testified, *inter alia:* "Gunn, Johnson & Company wanted at first 30,000 pounds of yarn. I put the order down in my book. I sent the order to the Hope Thread Company, and they did not take the whole order, but agreed to accept half. . . . I wrote to other manufacturers about this order. I sent a part of this order to other parties. . . . When I received the letter from the Hope Thread Company, I called on Mr. Johnson, and told him that the Hope Thread Company would accept one half of the order, but no more."

Upon cross-examination, he said, *inter alia:* "I did not have an interview with Charles M. Gunn at Pawtucket, in which I told him that the Hope Thread Company had just shipped some of the cops by steamer."

They also gave in evidence a letter from R. Henry & Co. to defendants, dated November 3, 1879, saying, *inter alia:* "Please place an order for Gunn, Johnson & Company, as follows : . . . . . . . . . Total, 15,750 pounds," and the reply of the defendants to R. Henry & Company, dated November 4, 1879, saying, *inter alia:* "Yours of the 3d inst. is received with order of G. J. & Co., which shall have attention."

On rebuttal, Charles M. Johnson, one of plaintiffs, was recalled, and asked : "What quantities of yarn were entered in Henry's order-book as sold to you?" Objected to. Objection over-ruled. Exception. (First assignment of error.) The witness answered. "I copied the entries in Henry's order-book into my memorandum-book at the time. They are in my memorandum-book, and are as follows, (reading the items :) Total number of pounds, 20,750."

Gunn, one of the plaintiffs, being called in rebuttal, counsel offered to prove by him, "a conversation with Henry before the receipt of the cops, in which Henry assured him that defendants had just shipped them some of the cops by steamer."

The evidence was admitted under exceptions. (Second assignment of error.)

The witness testified : "I had a conversation with Mr. Henry. I met him at Pawtucket. I was on my way to Providence. Henry told me he was going to see the Hope Thread Company. He told me there was some yarn for us on the steamer then leaving for Philadelphia."

April 17, 1882.—Verdict for the plaintiffs for $2,300, upon which judgment was afterward entered.

[Hope Thread Company *v.* Johnson, *et al.*]

The defendants then took out this writ of error, assigning errors as above.

*J. M. Moyer* for plaintiff in error.

The question which was allowed to be put to the witness, Johnson, assumed that because R. Henry & Co., who, as merchandise brokers, accepted from the plaintiffs a large order, they thereby necessarily bound the defendants for the entire amount, and ignored the fact that R. Henry & Co. at the same time acted for other producers, and had placed a part of the same order with them. The agents' full power to contract must be first shown before such a question can be properly put: Moore's Exec'rs *v.* Patterson, 28 Pa., 505; Hays *v.* Lynn, 7 Watts, 525.

The declarations of a purchasing agent made after the completion of the purchase are not admissible in evidence against the principal in an action by the vendor: Butterfield *v.* Blanchard, 2 Code R., 31.

*John G. Johnson* for the defendants in error.

No exception of any sort or kind to the proof of R. Henry & Co.'s agency, or to the Court's instructions concerning it, was taken, and the fact of its existence was found by the jury. The question put to Johnson, one of the plaintiffs below, and for the allowance of which it is argued the Court below erred, was in contradiction of Henry, who had sworn that he had only agreed with him to sell him a smaller quantity, while Johnson could prove by his answer that he had actually entered in his books at the time a larger quantity as sold. We concede that the declarations of a purchasing agent, made after the completion of the contract, are not admissible in evidence against the principal in an action by the vendor. Henry, however, was not only the selling, but also the delivering agent; and his declarations bearing upon a matter important to the issue were properly admissible.

JANUARY 15, 1883.—PER CURIAM: The evidence covered by both specifications of error was in rebuttal. In the first it tended to affect the credibility or accuracy of the testimony of the witness Henry. As he acted in the capacity of both purchasing and delivering agent, his declarations, while so acting, as to shipping the goods were properly admitted to affect his principal. We discover no error in the record.

Judgment affirmed.